

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ELIZABETH ESPINAL, individually and on behalf of a class of similarly situated individuals,<br><br>　　　　　　　　　*Plaintiff*,<br><br>　　v.<br><br>BURGER KING CORPORATION, a Delaware Corporation,<br><br>　　　　　　　　　*Defendant*. | No. **09-20982**<br><br>Complaint – Class Action **CIV-COOKE**<br><br>Jury Trial Demanded<br><br>**MAGISTRATE BANDSTRA** |

Plaintiff Elizabeth Espinal brings this class action complaint against Defendant Burger King Corporation, a Delaware corporation ("Burger King") to stop Defendant's practice of making illegal text message calls to cellular telephones, and to obtain redress for all persons injured by its conduct. Plaintiff, for her Class Action Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## NATURE OF THE CASE

1.　In a recent effort to promote new products on its menu, Burger King, the proprietor of one of the nation's largest fast-food restaurants, engaged in a relatively new and especially pernicious form of marketing: the transmission of unauthorized advertisements in the form of "text message" calls to the cellular telephones of consumers throughout the nation.

2.　By effectuating these unauthorized text message calls (hereinafter, "wireless spam" or "SMS Messages"), Burger King has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies wireless spam, but

1

also because consumers actually have to pay their cell phone service providers for the receipt of such wireless spam.

3. In order to redress these injuries, Plaintiff, on behalf of herself and a nationwide class of similarly situated individuals, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), which prohibits unsolicited voice and text calls to cell phones.

4. On behalf of the class, Plaintiff seeks an injunction requiring Defendant to cease all wireless spam activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## PARTIES

5. Plaintiff is a citizen of New York.

6. Defendant Burger King Corporation is a global chain of hamburger fast-food restaurants. The company is a Delaware corporation with its principle place of business located in Miami, Florida but does business throughout the United States, including this district.

## JURISDICTION

7. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because (a) at least one member of the putative class is a citizen of a state different from the Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) none of the exceptions under this subsection apply to the instant action.

## VENUE

8.  Venue is proper in this district under 28 U.S.C. § 1391(a)(1) and (2) because Defendant resides in this district and, on information and belief, a substantial part of the events giving rise to the claim here asserted occurred in this district.

## CONDUCT COMPLAINED OF

9.  In recent years, marketers, who often have felt stymied by federal laws limiting solicitation by telephone, facsimile machine, and e-mail, have increasingly looked to alternative technologies through which to send bulk solicitations cheaply.

10. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to approximately 160 characters.

11. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone rings, alerting him or her that a call is being received.

12. Unlike more conventional advertisements, wireless spam actually costs its recipients money, because cell phone users must frequently pay their respective wireless service provider either for each text message call they receive or for a text plan that includes a number of messages, whether or not the message is authorized.

13. Over the course of several months in 2008, Defendant and its agents caused mass transmissions of wireless spam to the cell phones of what it hoped were potential customers of its new Steakhouse Burger and related food products.

14. On or about April 11, 2008, Plaintiff's cell phone rang, indicating that a text call was being received.

15. The "from" field of the transmission was identified cryptically as "99134," which Plaintiff later learned was an abbreviated telephone number known as an SMS short code. The body of such text message read:

> TRY A NEW STEAKHOUSE BURGER WITH 100% ANGUS BEEF. OR KICK IT UP A NOTCH WITH A LOADED STEAKHOUSE BURGER. TRY ONE TODAY AT BK. REPLY STOP TO OPTOUT.

16. Immediately after receiving the above spam text message, Plaintiff responded by replying to 99134 with a text message that contained the word "Stop."

17. Shortly thereafter, Plaintiff received a text message from the SMS short code 99134 stating:

> THIS MSG CONFIRMS THAT YOU HAVE STOPPED THE SUBCRIPTION & WILL NO LONGER RECEIVE MSGS OR CHARGES FROM TEXTOPOLY SMS SERVICES.

18. Two months later, on or about June 13, 2008, Plaintiff again received a nearly identical (but for the opt-out provision) spam text message call from Defendant:

> TRY A NEW STEAKHOUSE BURGER WITH 100% ANGUS BEEF. OR KICK IT UP A NOTCH WITH A LOADED STEAKHOUSE BURGER. TRY ONE TODAY AT BK. REPLY OFF TO OPTOUT.

19. Immediately after receiving the above spam text message, Plaintiff again responded by replying to 99134 with a text message that contained the word "Off." Shortly thereafter, Plaintiff again received the opt-out confirmation text message identified in Paragraph 17 above.

20. Yet again, two months later, on August 22, 2008, Plaintiff received another spam text message call from Defendant:

> STOP BY BK FOR A REFRESHING MOCHA BK JOE ICED COFFEE, A PERFECT MIX OF RICH COFFEE AND CHOCOLATE SYRUP. AVAILABLE ANY TIME OF DAY. REPLY OFF TO OPTOUT.

21. Immediately after receiving the above spam text message, Plaintiff again responded by replying to 99134 via text message requesting that Defendant discontinue its transmission of wireless spam to Plaintiff's cell phone and again, for the third time, received back the opt-out confirmation text message identified in Paragraph 17 above.

22. Despite these repeated assurances to the contrary, Defendant continued to willfully send unsolicited text message advertisements to Plaintiff's cellular telephone over the next several months, in knowing violation of Plaintiff's privacy and expressed intent.

23. At no time did Plaintiff consent to the receipt of such text messages from Defendant.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of herself and a class and subclass defined below:

> A) The Class (the "Class") consisting of Plaintiff and all others nationwide who received one or more unauthorized text message advertisements on behalf of Defendant;
>
> B) The Subclass (the "Subclass") consisting of Plaintiff and all others nationwide who received one or more unauthorized text message advertisements on behalf of Defendant after affirmatively opting out;

25. Upon information and belief, there are over 1,000 members of both the Class and Subclass such that joinder of all members is impracticable.

26. Common questions of law and fact exist as to all members of the Class and Subclass and such questions predominate over questions affecting Plaintiff or individual members. Common questions for the Class and Subclass include:

    (a) Is Defendant's conduct governed by the TCPA?

    (b) Does the wireless spam Defendant distributed violate the TCPA?

    (c) Are the Class and Subclass members entitled to treble damages based on the willfulness of Defendant's conduct?

    (d) Did the conduct described above violate the Class and Subclass's right to privacy?

27. Plaintiff will fairly and adequately protect the interests of the Class and Subclass, her claims are typical of the claims of the members of the Class and Subclass, and she has retained counsel competent and experienced in similar class action litigation.

28. A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective classes is impracticable, and (b) many members of the classes cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

**COUNT I**
**(Violation of the TCPA, 47 U.S.C. § 227: On behalf of the Class and Subclass)**

29. Defendant made unsolicited commercial text calls to the wireless telephone numbers of the Class and Subclass using equipment that, upon information and belief, had the

capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers.

30. These text calls were made without the prior express consent of the Plaintiff, the Class and the Subclass.

31. Defendant has, therefore, violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled to, *inter alia,* a minimum of $500.00 in damages for each such violation of the TCPA.

32. Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. §227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and members of the Class and Subclass.

WHEREFORE, Plaintiff Elizabeth Espinal, on behalf of herself and the Class and Subclass, prays for the following relief:

  (A) An order certifying the Class and Subclass as defined above;

  (B) An award of actual and statutory damages;

  (C) An injunction requiring Defendant to cease all wireless spam activities;

  (D) An award of reasonable attorney' fees and costs; and

  (E) Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried

April 13, 2009

                                        Elizabeth Espinal, individually and on behalf of a class of similarly situated individuals

                                        _____
                                        One of her attorneys

David P. Healy (940410)
LAW OFFICES OF DAVID P. HEALY, PLC
2846-B Remington Green Cr.
Tallahassee, Florida 32308
(850) 222-5400
(850) 222-7339 (fax)

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
Elizabeth Espinal, individually and on behalf of a class of similarly situated individuals

**(b)** County of Residence of First Listed Plaintiff  New York
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
David P. Healy
Law Offices of David P. Healy, PLC
2846 - B Remington Green Cr.
Tallahassee, FL 32308 (850) 222-5400

## DEFENDANTS
Burger King Corporation, a Delaware corporation

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

FILED by ___ D.C.
APR 14 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA - MIAMI

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

Date 09 CV 20982 - Cooke/Bandstra

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
✓ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ✓ 4 |
| Citizen of Another State | ✓ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ■ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ✓ NO    b) Related Cases ☐ YES ✓ NO
JUDGE                          DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Class Action Fairness Action, 28 U.S.C. §1332(d), Telephone Consumer Protection Act, 47 U.S.C. § 227

LENGTH OF TRIAL via 3 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
✓ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
940410
DATE 04/13/09

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 999115   IFP
04/15/09