UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 09-20982-Civ-COOKE/BANDSTRA

ELIZABETH ESPINAL, individually and on
behalf of a class of similarly situated individuals,

    Plaintiffs,

vs.

BURGER KING CORPORATION
and TEXTOPOLY, INC.,

    Defendants.
_____/

**JUDGMENT GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND OTHER RELIEF**

THIS MATTER came before the Court for a Final Fairness hearing on September 22, 2010, pursuant to the Order of this Court entered on May 25, 2010, on the application of the Parties for preliminary approval of the settlement reached between the Parties as set forth in the Stipulation of Settlement, executed by counsel on May 19, 2010 on behalf of the Parties. The Settlement Class has been given due and adequate notice as required in said the May 25, 2010 Order. The Court has considered the thorough briefing and proceedings in this case, and the relevant legal authorities. Finding that good cause exists, it is **ORDERED and ADJUDGED** as follows:

    1.    This Court has jurisdiction over the subject matter of this action and over all Parties to the Action, including the Settlement Class.

    2.    On May 25, 2010, this Court preliminarily approved the Stipulation for a Settlement Class as defined in the Stipulation. The definitions in the Stipulation are hereby

incorporated as though fully set forth in this Judgment, and capitalized terms in this Judgment shall have the meanings attributed to them in the Stipulation.

3. The Court hereby confirms and grants final certification to the Settlement Class and finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution for the maintenance of this action as a class action have been satisfied in all respects.

4. Notice was disseminated to the Settlement Class in the form of direct mail notice to all potential members of the Settlement Class with an identifiable mailing address, email notice to class members without an identifiable mailing address, additional email notice to certain class members, and maintenance of a comprehensive website to provide settlement information to class members.

5. The Notice fully informed the members of the Settlement Class of their rights with respect to the Stipulation, including their right to be excluded from or to object to the Stipulation, their right to appear at the Fairness Hearing, the amount of the Settlement Fund, the payment of the Settlement Administration Expenses from the Settlement Fund, and the amount of the requested Fee Award and Incentive Award.

6. The Notice and the Notice Plan as implemented satisfied the statutory requirements of notice under the circumstances, including individual notice to all members of the Settlement Class who could be identified through reasonable effort in Defendant's records; were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution and the rules of this Court.

7. The Court finds that the Stipulation is fundamentally fair, adequate, reasonable and in the best interests of each member of the Settlement Class under the applicable factors as set forth in *Bennett v. Behring Corp.*, 737 F. 2d. 982, 986 (11th Cir. 1984). Specifically, the legal and factual posture of this case, the discovery conducted, and the fact that the Stipulation was the result of arms' length negotiations, all support this finding. The Court further finds that the prospective relief contained in the Stipulation comports with requirements of applicable law and is therefore fair, adequate and reasonable as well. Accordingly, the Stipulation is hereby finally approved in all respects and the Parties are hereby directed to perform its terms.

8. This Action and the Released Claims contained therein are DISMISSED ON THE MERITS AND WITH PREJUDICE as to the Class Representative, the Settlement Class Members and the Releasing Parties, and as against the Released Parties. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9. The Class Representative, on behalf of herself and the Settlement Class, is deemed to have, and by operation of this Judgment shall have, absolutely and unconditionally, released the Released Parties from each and every one of the Released Claims.

10. All members of the Settlement Class and the Releasing Parties are hereby forever barred and enjoined from ever prosecuting each and every Released Claim against any or all of the Released Parties. Further, the Court declares this the Stipulation to be binding on, and have *res judicata* and preclusive effect on all pending and/or future lawsuits or other proceedings maintained by or on behalf of any or all members of the Settlement Class, as well as their heirs, executors and administrators, successors and assigns.

11. The Released Claims are hereby incorporated into, and made a part of, this Judgment.

12. Class Counsel and the Class Representative adequately represented the Settlement Class for purposes of entering into and implementing the Stipulation.

13. Class Counsel is hereby awarded attorneys' fees and reasonable costs and expenses in the total amount of $170.000.00, which the Court finds to be fair and reasonable under *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) and its consideration of the *Johnson* factors cited therein. Payment of these fees and costs shall be made from the Settlement Fund pursuant to the terms of the Stipulation.

14. The Class Representative, Elizabeth Espinal, is awarded an incentive award of $2,500.00, which shall be paid from the Settlement Fund pursuant to the terms of the Stipulation.

15. In making this Fee Award to Class Counsel and this Incentive Award to the Class Representative, the Court has considered and finds that:

(a) Class Counsel's Lodestar of $218,562.00 in time (excluding time spent preparing for and attending the Fairness Hearing) and $2,200.00 in expenses incurred supports the Fee Award and results in a multiplier of significantly less than 1.0;

(b) The novelty and difficulty of the questions involved in this case were substantial and support the reasonableness of the Fee Award;

(c) Class Counsel has demonstrated the skill requisite to successfully prosecute this action and has performed the legal services properly for the benefit the Settlement Class;

(d) The preclusion of other employment by Class Counsel as a result of accepting and prosecuting this case on behalf of the Settlement Class supports the Fee Award;

4

(e) The Fee Award is commensurate with those customarily awarded in similar cases and the rates are comparable to or less than those typically paid to both defense counsel and plaintiffs' firms in similar types of sophisticated cases and supports the reasonableness of the Fee Award;

(f) Contingency of the fees sought in this case weighs in favor of approving the Fee Award;

(g) The time limitations or lack of time limitations imposed by the client neither supports nor weighs against the Fee Award;

(h) The Fee Award is reasonable in light of the benefits provided to the Settlement Class under the Stipulation, including $250.00 cash payments to Class Members to be paid from a $510,000.00 fund, the substantial prospective relief, and Defendant's agreement to pay for the costs of notice and claims administration;

(i) The experience, reputation and ability of Class Counsel favor approval of the Fee Award;

(j) The "undesirability" of the case favors the Fee Award in that the Defendant was sophisticated, employed sophisticated counsel, and was prepared to and did vigorously defend the claims asserted in the Action;

(k) The nature and length of the professional relationship with the client neither supports nor weighs against the Fee Award; and

(l) Awards in similar cases apply benchmarks of 33 1/3 – 40 % of the total settlement benefit and the Fee Award being approximately 33 % of the monetary benefit to the Settlement Class is reasonable.

16. The Parties, without further approval of the Court, are permitted by agreement to approve amendments, modifications, and expansions of the Stipulation and all related documents, including all exhibits, as shall be consistent in all material respects with the Court's final approval of the Stipulation and that do not limit the rights of the Settlement Class Members.

17. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction as to all matters relating to the administration, enforcement, interpretation, and execution of the Stipulation and this Judgment, and for any other necessary purpose.

18. Nothing in this Judgment is meant to supersede the Stipulation entered between the Parties on May 19, 2010.

19. The Plaintiff's Motion for Final Approval of Class Action Settlement and Petition for Approval of Attorney's Fees and Plaintiff's Incentive Award (ECF No. 63) is **GRANTED**. The Clerk of Court is directed to **CLOSE** this matter.

**DONE AND ORDERED** in chambers at Miami, Florida, this 13th day of October 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*